Geordie Duckler, OSB #873780
831 SW Hume St.
Portland, Oregon 97219
Telephone: (503) 546-8052
Facsimile: (503) 841-6278
geordied@animallawpractice.com
Attorney for Defendants JINDI OU,
STEADY STREAM, INC., MIZUMI
BUFFET, and LUCY CHEN

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| ROBERT EVANS MAHLER,<br><br>             Plaintiff,<br><br>     vs.<br><br>JINDI OU; STEADY STREAM, INC.;<br>MIZUMI BUFFET; LUCY CHEN;<br>and DOES 1-10,<br><br>             Defendants. | Case no. 3:23-cv-1833-AR<br><br>AFFIDAVIT OF GEORDIE<br>DUCKLER IN SUPPORT OF<br>DEFENDANTS JINDI OU,<br>STEADY STREAM, INC.,<br>MIZUMI BUFFET, AND LUCY<br>CHEN'S MOTION FOR<br>SUMMARY JUDGMENT |

STATE OF OREGON    )
                                         ) ss.
County of Multnomah  )

    I, Geordie Duckler, do hereby attest and declare:

1

1.     I am counsel for the named defendants in the instant civil action and make this statement solely for purposes of Fed.R.Civ.P. 56.

2.     After plaintiff filed this action, I propounded discovery requests on plaintiff, specifically a <u>First Request for Production of Documents</u> and a <u>First Set Of Interrogatories</u>, both served on plaintiff on March 11, 2024. True and correct copies of those documents are attached to this <u>Affidavit</u> as Exhibits A and B thereto.

3.     In those discovery requests, I specifically requested that plaintiff provide "Copies of all documents showing any training of any type of the animal at issue in this action" as well as demanded that plaintiff "State the factual basis for every claim asserted in the complaint in this action" and "State the legal basis for every claim asserted in the complaint in this action". I asked that responsive documents be provided within 30 days from the date of service of the requests.

4.     Plaintiff nevertheless did not provide any documents or statements at all in response to those specific discovery requests nor in fact to *any* of the discovery requests, nor did plaintiff object to any of the requests nor seek a protective order as to any, and to date plaintiff has never provided a single objection or document at all, much less provided any objective proof or evidence in any manner that his pet dog at issue in this action is in fact a trained service animal protected under the ADA.

5.    On September 30th, plaintiff finally retained counsel. That date, I inquired of plaintiff's new attorney about the existence of any evidence that plaintiff's dog was actually a "service animal" as protected under the ADA. None was provided.

6.    On October 5th, we spoke on the phone and I again asked for any evidence as to the dog being a "service animal" protected under the ADA. Again, none was provided.

7.    On October 24th, I received a letter from plaintiff's counsel which recited plaintiff's factual description of the March 4th visit to the restaurant. In that letter, counsel said that "Mr. Mahler went over to the hot food and began to put items on his plate…Shortly after Mr. Mahler had filled his plate he was approached by Lucy Chen. She told him "no dog" and instructed Mr. Mahler to leave. Mr. Mahler handed his plate of food to Ms. Chen and followed her to the front of the restaurant." A true and correct copy of that letter and factual description is attached as Exhibit C thereto.

8.    At the close of plaintiff's counsel's letter, he stated that "Mr. Mahler is obtaining the records regarding the training of his service dog and we will provide them when received", however, again no records of any type were attached.

9.      No records were ever sent or received after that exchange, and on November 12th, I sent another e-mail again asking to be provided any document or record that plaintiff possibly had of any type showing that the dog was "individually trained to do work or perform tasks for the benefit of an individual with a disability, where the work or tasks performed by the animal are directly related to the individual's disability" as mandated by 28 CFR Section 36.104. Plaintiff's counsel did not respond to that repeated request and again no records were provided.

10.     As of the date of filing these motions, November 20th, no records of any training regarding the dog have ever been provided or received.

11.     On September 30, 2024, I made a good faith effort to consult with plaintiff's counsel pursuant to LR 7-1(a), including a lengthy phone call in which I discussed with counsel each claim that is the subject of these motions pursuant to LR 7-1(a)(2). Pursuant to LR 7-1(a)(1)(A), we were unable to reach a resolution which would have eliminated the necessity for these motions and a hearing on the motions.

12.     I am competent to testify to the foregoing of my own personal knowledge, except for those matters stated upon information and belief, which such matters I do believe to be true.

Executed this 20 day of November, 2024, at Portland, Oregon.

I declare under penalty of perjury under the laws of the United States and of

the state of Oregon that the foregoing is true and correct.

_____
Geordie Duckler


Submitted by:
Geordie Duckler, OSB #873780
831 SW Hume St.
Portland, Oregon 97219
Telephone: (503) 546-8052
Facsimile: (503) 841-6278
geordied@animallawpractice.com
Attorney for Defendants JINDI OU,
STEADY STREAM, INC., MIZUMI
BUFFET, and LUCY CHEN

Geordie Duckler, OSB #873780
831 SW Hume St.
Portland, Oregon 97219
Telephone: (503) 546-8052
Facsimile: (503) 841-6278
geordied@animallawpractice.com
Attorney for Defendants JINDI OU,
STEADY STREAM, INC., MIZUMI
BUFFET, and LUCY CHEN

### UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| ROBERT EVANS MAHLER, | ) Case no. 3:23-cv-1833-AR |
| Plaintiff, | ) |
| vs. | ) DEFENDANTS JINDI OU, STEADY |
| | ) STREAM, INC., MIZUMI BUFFET, |
| JINDI OU; STEADY STREAM, INC.; | ) AND LUCY CHEN'S FIRST |
| MIZUMI BUFFET; LUCY CHEN; and | ) REQUEST FOR PRODUCTION OF |
| DOES 1-10, | ) DOCUMENTS |
| Defendants. | ) |
| | ) |

To: ROBERT EVANS MAHLER, and his attorney, if any:

Pursuant to Fed. Rules of Civ. Pro. 26 and 34, defendants request that plaintiff and/or

plaintiff's attorney produce the documents hereinafter described, and send copies or permit

defendants' attorney to inspect and copy said documents as he may desire. Defendants request

that such production be made at the offices of Geordie Duckler, 831 SW Hume St., Portland, OR

97219 within 30 days of the date of this request.

1



DEFENDANT'S
EXHIBIT
A-1

## DEFINITIONS AND INSTRUCTIONS

A.      As used in this request, "document(s)" and "record(s)" shall include, but not be limited to, all written or graphic matter, however produced or reproduced, or any other tangible permanent record, all letters, electronic mail, correspondence, records, memoranda, minutes, notes, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, reports, notebooks, sketches, summaries or records of meetings or conferences, opinions or reports of consultants or experts, invoices, billings, statements of account, studies, appraisals, analysis, contracts, agreements, maps, charts, graphs, photographs, and any other writings of every kind and description, and all sound or visual recordings or reproduced electronic mail.

B.      A document or communication "relating to" a given subject matter means any document or communication that constitutes, contains, comprises, reflects, identifies, states, refers to, comments on, describes, analyzes, or is in any way pertinent to that subject.

C.      "Incident" as used in this request refers to the subject of the Complaint in this action. "The animal at issue in this action" refers to plaintiff's dog as referenced in the Complaint.

D.      If a privilege is claimed with respect to any item requested, identify the item, state the privilege claimed, and state whether the item is in plaintiff's possession or control.

E.      This discovery request is to be deemed continuing so as to require further and supplemental production as additional documents or information are identified or received.

## REQUESTS

1.      Copies of all documents showing any correspondence or communication of any nature between plaintiff and any defendant.

2



DEFENDANT'S
EXHIBIT

A-2

2.      Copies of all documents showing or memorializing any or all payments made by plaintiff to any defendant, or any demand for payment made on any defendant by plaintiff regarding the incident at issue in this action.

3.      Copies of all documents, notes, reports, photos, or anything else filed with or reported by plaintiff with any state or local governmental agency over the last five years relating to the animal at issue in this action.

4.      Copies of all statements, other than statements to an attorney, concerning the subject matter of this action previously made by plaintiff or by any agent, employee, or relative of plaintiff.

5.      Copies of all photographs, pictures, videotapes, or sound recordings made by plaintiff relating to the incident or animal at issue in this action.

6.      Copies of all documents showing plaintiff's ownership interest in, title to, or other financial interest in the animal at issue in this action.

7.      Copies of all documents reflecting any liens, encumbrances, indebtedness, or third party obligations held by plaintiff or others on the animal at issue in this action.

8.      If plaintiff has ever been involved in any civil litigation involving animals, copies of all related documents together with the appropriate claim or file number, if any.

9.      Copies of all correspondence to plaintiff by or from any animal owner or breeder regarding animals kept with plaintiff, sold to plaintiff, or leased to or held by plaintiff for breeding, show, or sale.

10.     Copies of all documents, notes, reports, photos, or anything else filed by plaintiff with any federal, state, county, or city agency or department relating to the animal at issue in this action.

3



DEFENDANT'S
EXHIBIT
tabbies
A-3

11.    Copies of all documents containing the names, addresses, and telephone numbers of any and all witnesses to any incident related to the subject of this action.

12.    Copies of all documents relating to certificates, licenses, registration, in plaintiff's name or interest relating to the animal at issue in this action.

13.    Copies of all receipts memorializing any payments made by or to any third party with respect to the animal at issue in this action.

14.    Copies of all documents showing any agreements plaintiff made with any person or entity regarding the animal at issue in this action.

15.    Copies of all documents showing any breeding records on the animal at issue in this action.

16.    Copies of all documents showing any treatment, grooming, or care of the animal at issue in this action, including any and all veterinary or grooming records on the animal.

17.    Copies of all documents showing any training of any type of the animal at issue in this action.

18.    Copies of any journal or diary entries kept by plaintiff related to the incident at issue in this action.

19.    Copies of all registration papers for any and all animals owned by plaintiff on the date of the incident which is the subject of this action.

20.    Copies of any internet or social media postings by plaintiff concerning any defendant, the incident, or the animal at issue in this action.

21.    Copies of all court documents related to any criminal action involving animals in which plaintiff was involved at any time, or appropriate identification of court numbers and/or names and dates to enable counsel to secure copies thereof.

4



DEFENDANT'S
EXHIBIT
A-4

22.    All documents regarding the acquisition, lineage, pedigree, or birth of the animal at issue in this action.

23.    All documents related to any complaint, report, or request to or of county animal control, law enforcement agencies, humane society, or social services organization relating to any animal involved, any party, or the incident at issue in this action.

26.    All veterinary files, records, or documents in plaintiff's care, custody, or control relating to the care or treatment of the animal at issue in this action, including daily logs, charts, chart notes, laboratory test results, blood panels, diagnostic imaging or reports, instructions, bills, and any other related or similar documents, regardless of where treatment occurred.

27.    Pictures or copies of any signs posted at any time on plaintiff's real property or residence relating in any manner to animals.

28.    Copies of all documents reflecting prior biting, aggression, dangerous behavior, or attack history of the animal at issue in this action or of any dog in the care, custody, or control of plaintiff at or around the time of the incident at issue in this action.

29.    All documents which plaintiff intends to introduce into evidence in trial or which may be used to refresh the recollections of witnesses.

30.    All statements or memos relating to witnesses or potential witnesses or persons contacted in connection with this case that are neither privileged nor the work product of the attorney in the case.

31.    All bills, receipts, or invoices reflecting all medical expenses resulting from the incident which is at issue in plaintiff's complaint.

32.    All medical records, files, billings, chart notes, doctor reports, diagnostic tests or results, laboratory tests or results, physical or mental evaluations, prescriptions, or psychological



DEFENDANT'S EXHIBIT
A-5

or psychiatric reports or evaluations, of or relating to plaintiff from the past ten years to the present.

33.    All documents supporting the allegations in the Complaint that "plaintiff was ordered to leave Mizumi Buffet".

34.    All documents supporting the allegations in the Complaint that any defendant "informed plaintiff that he could not have his service dog accompany him or could not eat at their restaurant".

35.    All documents supporting the allegations in the Complaint that any defendant "told the plaintiff he could not serve himself, with his service dog accompanying him, from Mizumi's Buffet line".

36.    All documents supporting the allegations in the Complaint that "Defendants told plaintiff he had to leave the Mizumi Buffet restaurant without eating."

37.    All documents supporting the allegations in the Complaint that "Defendants loudly exclaimed, in front of the many other patrons, that plaintiff must leave Mizumi Buffet restaurant."

38.    All documents supporting the allegations in the Complaint that "Defendants refused to allow plaintiff's service dog to accompany plaintiff even after he explained the ADA federal law to them."

39.    All documents supporting the allegations in the Complaint that "Defendants continued to refuse plaintiff's civil rights even after another patron admonished defendants that they were wrong to not allow defendant and his service dog to stay at Mizumi Buffet and for plaintiff to eat."

40.    All documents supporting the allegations in the Complaint that "Defendants and



DEFENDANT'S EXHIBIT
A - 6

each of them were aware of Plaintiff's medical conditions, restrictions, and disabilities."

41.    All documents supporting the allegations in the Complaint that "Defendants did not attempt to accommodate plaintiff or engage in any interactive process to explore his limitations and possible accommodations."

42.    All documents supporting the allegations in the Complaint that "Defendants did not engage in any interactive process to attempt to accommodate plaintiff during his visit to the Mizumi Buffet restaurant."

43.    All documents supporting the allegations in the Complaint that "Defendants actions were done to cause plaintiff harm, or were committed maliciously and oppressively, with the wrongful intention of injuring plaintiff, from an improper and evil motive amounting to despicable conduct and in conscious disregard of Plaintiff's rights."

44.    All documents supporting the allegations in the Complaint that plaintiff incurred general damages of $250,000.00, or special damages of $500,000.

45.    All records of plaintiff's psychiatric or psychological treatment with counselors or therapists of any kind as a result of the alleged incident, including but not limited to any chart notes, hospital records, diagnostic reports, appointment notices, billings, and prescriptions from the past ten years to the present.

46.    All documents indicating any application for, consideration of, denial of, or acceptance of, any medical or health benefits, public or private, sought or requested by plaintiff from any medical provider, insurance carrier, or health-related institution for the injuries plaintiff claims to have suffered, incurred or sustained in this incident.

47.    All documents supporting how plaintiff has calculated, or the mathematical basis for the calculation of, any or all of plaintiff's claimed damages.



DEFENDANT'S EXHIBIT A-7

EACH OF THE ABOVE REQUESTS IS A CONTINUING REQUEST WHICH SHALL

REMAIN OPEN AND REQUIRE A RESPONSE FROM PLAINTIFF AT ANY TIME UP TO

AND INCLUDING THE TIME OF TRIAL.

DATED: March _11_, 2024

By: _____
Geordie Duckler, OSB #873780
Attorney for Attorney for Defendants JINDI
OU, STEADY STREAM, INC., MIZUMI
BUFFET, and LUCY CHEN


Submitted by:
Geordie Duckler, OSB #873780
831 SW Hume St.
Portland, Oregon 97219
Telephone: (503) 546-8052
Facsimile: (503) 841-6278
geordied@animallawpractice.com
Attorney for Defendants JINDI OU,
STEADY STREAM, INC., MIZUMI
BUFFET, and LUCY CHEN

8



1       **CERTIFICATE OF SERVICE**

2           I certify that on the 12th day of March, 2024, I served a true and correct copy of

3       DEFENDANTS JINDI OU, STEADY STREAM, INC., MIZUMI BUFFET, AND LUCY

4       CHEN'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS on:

5

6                          Leonard R Berman
                    9220 SW Barbur Blvd Ste 119 #180
7                        Portland OR  97219

8                        Robert Evans Mahler
                            PO Box 7658
9                         Salem, OR 97303

10
        By mailing said document via first class mail in a sealed envelope with postage prepaid to the
11
        address shown above, and deposited in the U.S. Mail at Portland, Oregon, on the 12th day of
12
        March, 2024.
13
            DATED this 12th day of March, 2024
14

15                      **GEORDIE DUCKLER, P.C.**

16

17              By:     _/s/ Geordie Duckler_____
                        Geordie Duckler, OSB No. 873780
18                      Attorney for defendants

19

20

21

22

23

24

25

26


                 PAGE 1 - CERTIFICATE OF SERVICE



DEFENDANT'S
EXHIBIT
A-9

Geordie Duckler, OSB #873780
831 SW Hume St.
Portland, Oregon 97219
Telephone: (503) 546-8052
Facsimile: (503) 841-6278
geordied@animallawpractice.com
Attorney for Defendants JINDI OU,
STEADY STREAM, INC., MIZUMI
BUFFET, and LUCY CHEN

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| ROBERT EVANS MAHLER, | ) Case no. 3:23-cv-1833-AR |
| Plaintiff, | ) |
| vs. | ) DEFENDANTS JINDI OU, STEADY |
| | ) STREAM, INC., MIZUMI BUFFET, |
| JINDI OU; STEADY STREAM, INC.; | ) AND LUCY CHEN'S FIRST SET OF |
| MIZUMI BUFFET; LUCY CHEN; and | ) INTERROGATORIES |
| DOES 1-10, | ) |
| Defendants. | ) |

To: ROBERT EVANS MAHLER, and his attorney, if any:

Per Fed. R. Civ. Pro. 33, defendants hereby request that plaintiff answer the following

interrogatories fully and separately in writing and under oath within thirty days of service.

### Definitions

1. "You" and "your" refer to plaintiff and his attorneys, employees, agents,

representatives and all persons acting or purporting to act on his behalf.

2. "Person" includes, without limitation, any natural person, proprietorship, corporation,

partnership, joint venture, association, organization, business entity or governmental agency.

1



DEFENDANT'S
EXHIBIT
B-1

3. "Relating to" and "relates to" include, without limitation, any of the following: having a material relationship to; incorporating; incorporated into; concerning; making reference to; describing; summarizing; evidencing; explaining; distinguishing; repudiating; disagreeing with; relevant to; demonstrating; tending to prove or disprove.

4. "Custodian" refers to the person having possession, custody or control of any document or other tangible object.

5. "Document" means information in a form recorded by hand, mechanical print, electronic or digital medium, photographic or digital image (whether still or motion and whether or not incorporating multi-media components), drawing, painting, photocopy, mechanical copy (such as carbon or carbonless copy), audio media (such as but not limited to magnetic tape, compact disc, and digital audio file). The term includes everything which would be included within the definitions of "writing" "recording" and "photograph" under Federal Rules of Evidence § 1001 and Oregon Evidence Code § 1001, but is broader than those definitions. Each non-identical copy, draft, revision, and annotated copy is a separate document. The reverse side of any document in paper form where the reverse contains any annotation, notation or mark constitutes a separate document.

6. "Identify" means, with respect to a document, to describe the document, including its author, date of its creation, and subject matter, with such particularity that you would clearly understand the description and be able to produce that document when the description is included in a request for production. "Identify" means, with respect to a person, the full name, address, and an active telephone number of the person. "Identify" means, with respect to any employee, the person's full name, place of employment (including address and telephone number), job title, and immediate supervisor's name. "Identify" means, with respect to a communication or

2



DEFENDANT'S
EXHIBIT

B-2

conversation, the date, time, subject matter, and participants or recipients, as well as all other persons present or included in the communication or conversation.

Instructions

IN PREPARING YOUR RESPONSES TO THESE INTERROGATORIES, PLEASE ADHERE TO THE FOLLOWING INSTRUCTIONS. IF YOU ARE UNABLE TO DO SO, PLEASE EXPLAIN WHAT INSTRUCTION YOU CANNOT COMPLY WITH AND THE REASONS YOU CANNOT COMPLY.

1. "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

2. The use of the singular includes the plural, and vice versa.

3. The use of one gender includes all others, appropriate in the context.

4. These interrogatories present continuing requests. If you discover new information, you are obligated to supplement your responses to these interrogatories as provided in Fed. R. Civ. P. 26(e)(2).

5. If you object to furnishing any information requested by these interrogatories on the grounds of privilege, work product or otherwise, your response should state the existence of the information, document or communication, identify the specific grounds on which your objection is based and identify the information objected to by furnishing a description containing as much information as to its date, source, and subject matter as is possible without compromising the privilege or other basis for objection. If the objected to information contains relevant non-objectionable matter, you may redact the privileged matter but must disclose the non-objectionable remainder.

3



6. If you cannot furnish exact data, such as dates, periods or amounts, supply estimated data to the extent possible and indicate that the data is estimated.

7. If you cannot complete a response in the space provided you may reproduce these interrogatories verbatim with each answer following the interrogatory to which it relates, or you may complete your answers on a separate page with numbers corresponding to these interrogatory numbers.

Interrogatories

INTERROGATORY NO. 1:  State the factual basis for every claim asserted in the complaint in this action.

ANSWER:

INTERROGATORY NO. 2:  State the legal basis for every claim asserted in the complaint in this action.

ANSWER:

INTERROGATORY NO. 3:  List the name, address, and telephone number of each person having any knowledge of facts regarding liability.

ANSWER:

INTERROGATORY NO. 4:  List the name, address and telephone number of each person having any knowledge of facts regarding the damages claimed.

ANSWER:

INTERROGATORY NO. 5:  List the name, address, and telephone number of each expert you intend to call as a witness at trial. For each expert, state the subject matter on which the expert is expected to testify. State the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.

4



DEFENDANT'S EXHIBIT
B-4
tabbies

ANSWER:

INTERROGATORY NO. 6: Identify by name, address, and contact information each and every "patron" as alleged in the Complaint.

ANSWER:

INTERROGATORY NO. 7: List each and every written statement made by you to any defendant in any format, and identify the time, date, place, and content of each statement.

ANSWER:

INTERROGATORY NO. 8: List each and every written statement made by any defendant to you in any format, and identify the time, date, place, and content of each statement.

ANSWER:

INTERROGATORY NO. 9: Identify the source of information on which you base your allegation in the Complaint that you have suffered general damages.

ANSWER:

INTERROGATORY NO. 10: Identify the source of information on which you base your allegation in the Complaint that you have suffered special damages.

ANSWER:

INTERROGATORY NO. 11: Identify the source of information on which you base your allegation in the Complaint that individual defendant Jindi Ou personally engaged in any conduct against you or had any individual or personal participation in any event or incident related to the Complaint.

ANSWER:

INTERROGATORY NO. 12: Identify the source of information on which you base your allegation in the Complaint that individual defendant Lucy Chen personally engaged in any conduct against you or had any individual or personal participation in any event or incident related to the Complaint.

5


DEFENDANT'S EXHIBIT
tabbies'
B-5

ANSWER:

DATED: March _//_ , 2024

By: _____
Geordie Duckler, OSB #873780
Attorney for Attorney for Defendants JINDI
OU, STEADY STREAM, INC., MIZUMI
BUFFET, and LUCY CHEN

Submitted by:
Geordie Duckler, OSB #873780
831 SW Hume St.
Portland, Oregon 97219
Telephone: (503) 546-8052
Facsimile: (503) 841-6278
geordied@animallawpractice.com
Attorney for Defendants JINDI OU,
STEADY STREAM, INC., MIZUMI BUFFET, and LUCY CHEN

6



DEFENDANT'S
EXHIBIT
B-6

1                              **CERTIFICATE OF SERVICE**

2          I certify that on the 12th day of March, 2024, I served a true and correct copy of

3    DEFENDANTS JINDI OU, STEADY STREAM, INC., MIZUMI BUFFET, AND LUCY

4    CHEN'S FIRST SET OF INTERROGATORIES on:

5

6                              Leonard R Berman
                            9220 SW Barbur Blvd Ste 119 #180
7                              Portland OR 97219

8                              Robert Evans Mahler
                                PO Box 7658
9                              Salem, OR 97303

10   By mailing said document via first class mail in a sealed envelope with postage prepaid to the

11   address shown above, and deposited in the U.S. Mail at Portland, Oregon, on the 12th day of

12   March, 2024.

13          DATED this 12th day of March, 2024

14

15                              **GEORDIE DUCKLER, P.C.**

16

17                        By:    _/s/ Geordie Duckler_
                                 Geordie Duckler, OSB No. 873780
18                               Attorney for defendants

19

20

21

22

23

24

25

26

PAGE 1 - CERTIFICATE OF SERVICE

DEFENDANT'S
EXHIBIT
tabbies®    B-7

Elton T. Lafky
(1930-2015)

Kevin T. Lafky
Dori M. Brattain
Erin C. Mee
Sophia K. Harris

# LAFKY & LAFKY

Attorneys at Law
429 Court St. NE
Salem, OR 97301
Telephone: (503)585-2450
Facsimile: (503)585-0205
Email: info@lafky.com
www.lafky.com

October 24, 2024

Geordie Duckler
Geordie Duckler PC
831 SW Hume St
Portland OR  97219

          RE:    Mahler v Stead Stream et al, 3:23-cv-01833-AR

Dear Geordie:

       I have had an opportunity to meet with my client and go over Defendant's account of events as described in your October 5, 2024 email.

       Mr. Mahler was in the Portland area for a medical appointment and decided to go to Mizumi Buffet for lunch. Mr. Mahler does not live in the area, and estimates he had gone to this buffet 5-6 times previously.

       On or about March 4, 2022, Mr. Mahler entered the Mizumi Buffet with his service dog. There was a woman at the counter who was busy, so Mr. Mahler went to talk to another employee who was further into the restaurant. He requested to sit in an empty banquet area, because he had his service dog with him, and his request was approved.

       Mr. Mahler grabbed a plate with one hand and had his service dog's leash in his other hand. Mr. Mahler went over to the hot food and began to put items on his plate. Mr. Mahler is adamant that his service dog's head never got near the food. Mr. Mahler describes his service dog Juliette as a smaller sized Doberman who was too small to have her head reach the food.

       Shortly after Mr. Mahler had filled his plate he was approached by Lucy Chen. She told him "no dog" and instructed Mr. Mahler to leave. Mr. Mahler handed his plate of



food to Ms. Chen and followed her to the front of the restaurant.   Mr. Mahler explained to Ms. Chen that what she was doing was not legal.  Another patron who had witnessed the events, spoke up and told Ms. Chen that Mr. Mahler was right, and that Mr. Mahler had done nothing wrong.  This patron provided Mr. Mahler with his name and number as a witness to the events.

Attached are images of the banquet room and of the buffet showing the height of the counter and location of food recessed back on the counter.

Mr. Mahler is obtaining the records regarding the training of his service dog and we will provide them when received.

Please let me know of any questions.

Sincerely,

LAFKY & LAFKY

s/ Kevin T. Lafky

Kevin T. Lafky

cc: client


DEFENDANT'S
EXHIBIT
C-2

1

**CERTIFICATE OF SERVICE**

2  I certify that on the 20th day of October, 2024, I served a true and correct

3 copy of DEFENDANTS JINDI OU, STEADY STREAM, INC., MIZUMI

4

5 BUFFET, AND LUCY CHEN'S MOTION FOR SUMMARY JUDGMENT AND

6 MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT;

7 AFFIDAVIT OF LUCY CHEN IN SUPPORT OF DEFENDANTS JINDI OU,

8

9 STEADY STREAM, INC., MIZUMI BUFFET, AND LUCY CHEN'S MOTION

10 FOR SUMMARY JUDGMENT AND MEMORANDUM OF POINTS AND

11 AUTHORITIES IN SUPPORT; AFFIDAVIT OF GEORDIE DUCKLER IN

12

13 SUPPORT OF DEFENDANTS JINDI OU, STEADY STREAM, INC., MIZUMI

14 BUFFET, AND LUCY CHEN'S MOTION FOR SUMMARY JUDGMENT AND

15 MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT on:

16

17        Kevin T Lafky
         Lafky & Lafky
         429 Court St NE
18        Salem OR  97301

19 by mailing said documents via first class mail in a sealed envelope with postage

20 prepaid to the address shown above, and deposited in the U.S. Mail at Portland,

21

22 Oregon, on the 20th day of November, 2024.

23       GEORDIE DUCKLER, P.C.

24

25     By: _____
       Geordie Duckler, OSB No. 873780
26        Attorney for defendants

PAGE 1 - CERTIFICATE OF SERVICE