KEVIN T. LAFKY
Lafky & Lafky, Attorneys at Law
429 Court St NE
Salem, OR 97301

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ROBERT MAHLER,<br><br>    Plaintiff,<br><br>vs.<br><br>JINDI OU; STEADY STREAM, INC.; MIZUMI BUFFET; LUCY CHEN; and DOES 1-10,<br><br>    Defendants. | Case No. 3:23-cv-1833-AR<br><br>AFFIDAVIT OF ROBERT MAHLER IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

STATE OF OREGON   )
                  ) ss.
County of Marion  )

I, Robert Mahler, do hereby attest and declare that the following statements are true to the best of my knowledge:

1. I have been diagnosed with advanced osteo-arthritis; left-sided hemiplegia resulting from a C-3 cervical fracture; vasovagal syncope; and dual knee implant prosthetics.

2. The above conditions cause significant impairments to major life activities, and I am disabled under the definition used by the Americans with Disabilities Act (ADA).

3. To help mitigate the symptoms of my disabilities, I have used a service dog since the mid-1980s. In total, including the dog I am currently training, I have had three service dogs. Except for basic beginning manners, which I have attended PetSmart classes for, I have done all of the training myself.

AFFIDAVIT OF PLAINTIFF
IN SUPPORT OF RESPONSE
TO DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT

LAFKY & LAFKY
429 Court St NE
Salem, OR 97301
Tel: (503) 585-2450

4. On March 4, 2022, my service dog was named Guliet (pronounced Juliet). Guliet was a purebred Doberman whose color fell within the breed standard. When Guliet was a puppy, we completed a beginner training class through PetSmart. As allowed by the ADA, I did the remainder of Guliet's training myself and did not keep a training log. At the time of the incident at issue in this suit, Guliet was 13 years old.

5. I trained Guliet in tasks that help to mitigate the symptoms of my disabilities, namely retrieving objects and handing them to me so I did not have to bend down. While it was difficult to predict when I would need this help, Guliet did not have to perform these tasks every time we went out.

6. I reside in Silverton, Oregon, and have for over 20 years.

7. I have been to Mizumi Buffet six or seven times in total, normally after medical appointments and tests at Oregon Health Sciences University. I have never traveled to Tigard specifically to go to Mizumi Buffet, and I have never been there more often than once in a month at maximum.

8. At no time between 2016 and 2022 did I have or work a gold-colored service dog.

9. Although the ADA does not require service animals to be vested or otherwise labeled with any indicator that they are a service animal, I have always worked my service dogs in a vest. Guliet wore a vest that stated "Ask To Pet" on one side and "Service Dog" on the other. Because she always wore this vest when working, I am confident that she wore this vest every time we went to Mizumi Buffet.

10. I am familiar with the two questions a business or its employees are allowed to ask of a service dog handler under the ADA (namely: "Is that a service animal?" and "What is it trained to do?"), and no employee of Mizumi Buffet asked them on March 4, 2022. Had these two questions been asked, I would have happily answered them.

11. At no time has Guliet ever placed her head on a table or counter while we have been in a restaurant. Had she done so, I would have corrected the behavior immediately.

AFFIDAVIT OF PLAINTIFF
IN SUPPORT OF RESPONSE
TO DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT

LAFKY & LAFKY
429 Court St NE
Salem, OR 97301
Tel: (503) 585-2450

12. On March 4, 2022, I entered Mizumi Buffet and spoke with an employee about sitting in an otherwise empty section of the restaurant because I did not want Guliet's presence to pose an inconvenience to any of the staff or customers.

13. After speaking with the employee, I went to get food, with the plate in one hand and Guliet's leash in the other. Guliet's head did not, at any time, get near the trays of food.

14. Before I had a chance to sit down, Ms. Chen approached me, said "no dog," and told me that I needed to leave. I handed her my food and followed her to the front of the restaurant, where I tried to explain to her what the law was, the two questions she was allowed to ask, and that she was required to allow us to stay and eat. Ms. Chen did not listen to me.

15. I was extremely embarrassed and distressed by such blatant discrimination on the part of Ms. Chen and, vicariously, Mizumi Buffet and Steady Stream, Inc. It is inherently severely emotionally distressing to be singled out in a public place, where no one else has been removed due to any immutable trait or membership in a protected class, and be loudly told that I was unwelcome and needed to leave because I am disabled.

16. My own conduct on March 4, 2022 was no different from any other time I have been present at this restaurant and been allowed to sit and eat in the same manner as any other able-bodied customer. Guliet's conduct was likewise in line with the well-trained, controlled behavior that she has displayed on all previous visits to Mizumi Buffet.

17. Ms. Chen's conduct was so outrageous and obviously outside the bounds of acceptable social norms that another patron in the restaurant felt the need to step in to intervene on my behalf, telling her that I was correct as to the law and that what she was doing was illegal and wrong. Ms. Chen did not listen to the other patron either.

///
///
///
///
///

18. As the ADA requires for service animals to have public access rights, Guliet was under my control and was not posing a health and safety risk to Mizumi Buffet on March 4, 2022, when Ms. Chen told me to leave.

DATED this 9th day of December, 2024.

I declare under penalty of perjury under the laws of the United States and of the state of Oregon that the foregoing is true and correct.

_____
Robert Mahler
Plaintiff

SUBSCRIBED AND SWORN TO before me on this 9th day of December, 2024.

_____
Notary Public for the State of Oregon
My Commission Expires: 9/19/25

OFFICIAL STAMP
MITZI ASTRID MORAN
NOTARY PUBLIC - OREGON
COMMISSION NO. 1016966A
MY COMMISSION EXPIRES SEPTEMBER 19, 2025

AFFIDAVIT OF PLAINTIFF
IN SUPPORT OF RESPONSE
TO DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT

LAFKY & LAFKY
429 Court St NE
Salem, OR 97301
Tel: (503) 585-2450