Geordie Duckler, OSB #873780
831 SW Hume St.
Portland, Oregon 97219
Telephone: (503) 546-8052
Facsimile: (503) 841-6278
geordied@animallawpractice.com
Attorney for Defendants JINDI OU,
STEADY STREAM, INC., MIZUMI
BUFFET, and LUCY CHEN

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ROBERT EVANS MAHLER, <br><br> Plaintiff, <br><br> vs. <br><br> JINDI OU; STEADY STREAM, INC.; MIZUMI BUFFET; LUCY CHEN; and DOES 1-10, <br><br> Defendants. | Case no. 3:23-cv-1833-AR <br><br> DEFENDANTS JINDI OU, STEADY STREAM, INC., MIZUMI BUFFET, AND LUCY CHEN'S SUPPLEMENT TO REPLY TO RESPONSE TO MOTIONS FOR SUMMARY JUDGMENT UNDER FED.R.CIV.P. 56(a) <br><br> Case filing date: December 6, 2023 <br> Trial date: TBD |

Defendants Jindi Ou, Steady Stream, Inc., Mizumi Buffet, and Lucy Chen, by and through counsel, hereby supplement their Reply to Plaintiff's Response. Etc. to the pending motions for summary judgment based on new information recently obtained only after the Reply was filed.

1

A. <u>Plaintiff Concedes The Absence Of Factual Support for Ou's Liability</u>

On January 17, 2024, eleven days after defendants' <u>Reply</u> had been filed, plaintiff finally provided defendants' counsel with his responses to several outstanding discovery requests. Among the responses provided in <u>Plaintiff's Response To Interrogatories</u>, was an admission, at 4:14-20, that the only reason that Mr. Ou was included as a defendant was solely "based on his status as the president of Steady Stream, Inc." A true and correct copy of that response is attached hereto as Exhibit C.

Yet Oregon follows the classic rule from the Restatement that a director of a corporation is simply not liable for any tort of other subordinate agents in which they themselves did not participate. <u>Cortez v. Nacco Material Handling Grp., Inc.</u>, 356 Or. 254, 269, 337 P.3d 111, 119 (2014). The cases are legion in support of this proposition. See e.g., <u>Lewis v. Devils Lake Rock Crushing Co.</u>, 274 Ore 293, 298, 545 P2d 1374 (1976) (applying that rule to the officer of a corporation who had not participated in or been aware of another officer's conversion of the plaintiff's property); <u>Muellhaupt v. Strowbridge Est. Co.</u>, 136 Ore 106, 123-24, 298 P 189 (1931).

Individual defendant Jindu Ou, merely due to his status alone of being president of defendant Steady Stream, Inc. (a status, by the way, which plaintiff merely assumes but does not in fact actually provide any evidence of), cannot be

held liable for a subordinate's tortious acts unless there is evidence in some fashion that he "knew of those acts or participated in them". Cortez v. Nacco Material Handling Grp., Inc., *supra*. No evidence of either knowledge or participation has ben provided to this Court and none exists. With no evidence of the requisite knowledge or participation then, plaintiff's claims against defendant Ou must evaporate as a matter of fact and law.

B. Plaintiff Concedes An Absence Of Support for The Requisite ADA Training

Again, plaintiff only submitted discovery responses a little less than two weeks after defendants' Reply was filed, and again, among those recent responses was another key concession of his failure of proof for his claims. At 5:7-11 in Plaintiff's Response To Request For Production, plaintiff admitted that as to "all documents showing any training of any type of the animal at issue in this action", the sole evidence that he had was a single photo of the dog "graduating training class". A true and correct copy of that response is attached hereto as Exhibit D.

As the Court in C.L. v. Del Amo Hosp., Inc., 992 F.3d 901, 911 (9th Cir. 2021) held, "…the statute defines a service dog by the outcome of training—what the dog is capable of doing to ameliorate an individual's disability…**There must be some evidence of individual training to distinguish the service animal from the ordinary pet.**" Id at 911 (emphasis added).

Plaintiff has now therefore unreservedly acknowledged that he possesses zero proof that the dog was ever trained to *specifically assist with his disability*. Since plaintiff cannot establish in any manner what 28 CFR Section 36.104 requires – that the work or tasks performed by the service animal is directly related to the individual's disability – then plaintiff's ADA claims against all defendants are necessarily obliterated as a matter of law.

With this supplemental reply, all four defendants continue to respectfully submit that their independent and parallel motions should be granted.

Respectfully submitted,

DATED: January 17, 2025

By: _____
Geordie Duckler, OSB #873780
Attorney for Defendants JINDI OU,
STEADY STREAM, INC., MIZUMI
BUFFET, and LUCY CHEN

Submitted by:
Geordie Duckler, OSB #873780
831 SW Hume St.
Portland, Oregon 97219
Telephone: (503) 546-8052
Facsimile: (503) 841-6278
geordied@animallawpractice.com
Attorney for Defendants JINDI OU,
STEADY STREAM, INC., MIZUMI
BUFFET, and LUCY CHEN

KEVIN T. LAFKY, OSB #852633
klafky@lafky.com
Lafky & Lafky, Attorneys at Law
429 Court St NE
Salem, OR 97301
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| ROBERT MAHLER, Plaintiff, vs. JINDI OU; STEADY STREAM, INC.; MIZUMI BUFFET; LUCY CHEN; and DOES 1-10, Defendants. | Case No. 3:23-cv-1833-AR<br><br>PLAINTIFF'S RESPONSE TO INTERROGATORIES |
|---|---|

    Plaintiff objects to Defendants' First Set of Interrogatories to the extent that the requests go beyond the scope of what is authorized by Federal Rule of Civil Procedure ("FRCP") 33 and Local Rule ("LR") 33. Plaintiff objects to Defendants' requests to the extent that Defendants seeks disclosure of information protected by the attorney-client privilege and work product doctrine of Plaintiff and his counsel. To the extent that Plaintiff inadvertently discloses information that arguably may be protected from discovery by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege, such inadvertent disclosure does not constitute a waiver of any such privilege. Plaintiff objects to Defendants' requests insofar as Defendants seek information concerning matters unrelated to the subject matter of this lawsuit, on the ground that such requests are overly broad, unduly burdensome, and seek information that is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.

    The responses set forth below are made without in any manner waiving: (1) the right to object to the use of any response for any purpose, in this action or any other actions, on the


DEFENDANT'S EXHIBIT C-1

1  I have received no written statements from defendants outside of attorney
2  communications.
3  INTERROGATORY NO. 9: Identify the source of information on which you base your
4  allegation in the Complaint that you have suffered general damages.
5  ANSWER:
6  I understood from research at the Marion County Law Library and discussion with
7  attorney Leonard Behrman that my severe distress and humiliation constituted general damages.
8  INTERROGATORY NO. 10: Identify the source of information on which you base your
9  allegation in the Complaint that you have suffered special damages.
10 ANSWER:
11 I understood from research at the Marion County Law Library and discussion with
12 attorney Leonard Behrman that my severe distress and humiliation qualified for special
13 damages.
14 INTERROGATORY NO. 11: Identify the source of information on which you base your
15 allegation in the Complaint that individual defendant Jindi Ou personally engaged in any
16 conduct against you or had any individual or personal participation in any event or incident
17 related to the Complaint.
18 ANSWER:
19 Mr. Ou was included as a defendant in this suit based on his status as the president of
20 Steady Stream, Inc.
21 INTERROGATORY NO. 12: Identify the source of information on which you base your
22 allegation in the Complaint that individual defendant Lucy Chen personally engaged in any
23 conduct against you or had any individual or personal participation in any event or incident
24 related to the Complaint.
25 ANSWER:
26 I personally witnessed Ms. Chen refuse me service and force me to depart the restaurant
27 ///
28

DEFENDANT'S EXHIBIT L-2

KEVIN T. LAFKY, OSB #852633
klafky@lafky.com
Lafky & Lafky, Attorneys at Law
429 Court St NE
Salem, OR 97301
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ROBERT MAHLER,<br><br>Plaintiff,<br><br>vs.<br><br>JINDI OU; STEADY STREAM, INC.;<br>MIZUMI BUFFET; LUCY CHEN; and<br>DOES 1-10,<br><br>Defendants. | Case No. 3:23-cv-1833-AR<br><br>PLAINTIFF'S RESPONSE TO REQUEST FOR PRODUCTION |

GENERAL OBJECTIONS

Plaintiff objects to Defendant's First Request for Production of Documents to the extent that the requests go beyond the scope of what is authorized by FRCP 34 and the requirements on Plaintiff therein. Plaintiff objects to Defendant's requests to the extent that Defendant seeks disclosure of information protected by the attorney-client privilege or work product doctrines. To the extent that Plaintiff inadvertently discloses information that arguably may be protected from discovery by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege, such inadvertent disclosure does not constitute a waiver of any such privilege. Plaintiff objects to Defendant's requests insofar as Defendant seeks information concerning matters unrelated to the subject matter of this lawsuit, on the ground that such requests are overly broad, unduly burdensome, and seek information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. The responses set forth below are made without in any manner waiving: (1) the right to object to the use of any response for any purpose, in this action or any other actions, on the

DEFENDANT'S EXHIBIT
D-1

1  REQUEST FOR PRODUCTION NO. 16: Copies of all documents showing any treatment,
2  grooming, or care of the animal at issue in this action, including any and all veterinary or
3  grooming records on the animal.
4  ANSWER:
5      Plaintiff objects to this request due to overbreadth, irrelevance, and unnecessary burden.
6      Plaintiff produces a true copy of all known veterinary records for Guliet.
7  REQUEST FOR PRODUCTION NO. 17: Copies of all documents showing any training of any
8  type of the animal at issue in this action.
9  ANSWER:
10     Plaintiff has a photo of Guliet graduating training class, which was provided in
11 Plaintiff's Supplemental Affidavit.
12 REQUEST FOR PRODUCTION NO. 18: Copies of any journal or diary entries kept by
13 plaintiff related to the incident at issue in this action.
14 ANSWER:
15     Plaintiff does not possess any documents meeting this description.
16 REQUEST FOR PRODUCTION NO. 19: Copies of all registration papers for any and all
17 animals owned by plaintiff on the date of the incident which is the subject of this action.
18 ANSWER:
19     Plaintiff objects to this request due to overbreadth.
20     Plaintiff does not possess any documents meeting this description.
21 REQUEST FOR PRODUCTION NO. 20: Copies of any internet or social media postings by
22 plaintiff concerning any defendant, the incident, or the animal at issue in this action.
23 ANSWER:
24     Plaintiff does not have social media.
25 REQUEST FOR PRODUCTION NO. 21: Copies of court documents related to any criminal
26 action involving animals in which plaintiff was involved at any time, or appropriate
27 identification of court numbers and/or names and dates to enable counsel to secure copies
28 thereof.

DEFENDANT'S EXHIBIT D-2

**CERTIFICATE OF SERVICE**

I certify that on the 19th day of January, 2025, I served a true and correct copy of DEFENDANTS JINDI OU, STEADY STREAM, INC., MIZUMI BUFFET, AND LUCY CHEN'S SUPPLEMENT TO REPLY TO RESPONSE TO MOTION FOR SUMMARY JUDGMENT on:

> Kevin T Lafky
> Lafky & Lafky
> 429 Court St NE
> Salem OR 97301

by mailing said documents via first class mail in a sealed envelope with postage prepaid to the address shown above, and deposited in the U.S. Mail at Portland, Oregon, on the 19th day of January, 2025.

GEORDIE DUCKLER, P.C.

By: _____
Geordie Duckler, OSB No. 873780
Attorney for defendants

PAGE 1 - CERTIFICATE OF SERVICE