IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ROBERT EVANS MAHLER,<br><br>       Plaintiff,<br>    v.<br><br>STEADY STREAM, INC.; MIZUMI BUFFET;<br>and LUCY CHEN,<br><br>       Defendants. | Case No.: 3:23-cv-1833-AN<br><br><br>ORDER |

Trial is set to begin on May 19, 2026. Before this Court are several pretrial matters. The Court rules as follows for the reasons stated on the record at the pretrial conference on April 29, 2026, and for the reasons stated below.

## MOTIONS IN LIMINE

Plaintiff filed no motions in limine. Defendants filed six motions in limine, ECF 90, to which plaintiff has offered no objections:

1. ***Defendants' Motion in Limine No. 1*** to exclude *"argument, testimony, or documentary evidence as to any legal theory, claim for relief, remedy, or damage category not specifically alleged in plaintiff's Complaint, including any based on new fact patterns or any already denied by the Court through summary judgment."*

   GRANTED.

2. ***Defendants' Motion in Limine No. 2*** to exclude *"argument, testimony, or documentary evidence offered by plaintiff that would constitute references to settlement offers or discussions, including any correspondence related in any manner to offers to compromise, pay, or mediate between the parties in any form."*

   GRANTED.

3. ***Defendants' Motion in Limine No. 3*** to exclude *"argument, testimony, or documentary evidence offered by plaintiff as to any character evidence regarding any defendant for the*

*purpose of trying to prove that the defendant acted in conformity therewith on a particular occasion, including any wrongs or acts by the defendant."*

GRANTED.

4. ***Defendants' Motion in Limine No. 4*** *to exclude "argument, reference, or evidence on: a) plaintiff's impoverished state or lack of wealth, assets, income, or any financial difficulties or monetary losses previous to, consequent since, or arising out of the incident complained of, or, b) plaintiff's attempts to retain counsel, or his own lack of knowledge about, experience with, or awareness of, legal rules or legal procedure."*

GRANTED.

5. ***Defendants' Motion in Limine No. 5*** *to exclude "argument, reference, or evidence about plaintiff's special (i.e., economic) damages or about punitive damages."*

GRANTED.

6. ***Defendants' Motion in Limine No. 6*** *to exclude "testimony evidence offered by plaintiff that would constitute references to out of court statements made by another offered as to their truth."*

GRANTED to the extent such evidence is barred by the Federal Rules of Evidence and timely objected to.

## WITNESSES & EXHIBITS

**A.     Plaintiff's Witnesses**

Plaintiff will call two witnesses, to which defendants have lodged no objections:

1. Plaintiff Robert Mahler will be called to testify for approximately 1 hour on direct regarding the matters set forth in plaintiff's Second Amended Witness Statements, ECF 80, including his disabilities, his service dog's training, and the events at issue.

2. Defendant Lucy Chen will be called to testify for approximately 45 minutes on direct regarding the matters set forth in plaintiff's Second Amended Witness Statements, including general experience with service dogs in restaurants, her familiarity with Mr. Mahler, and the events at issue at Mizumi Buffet.

**B.     Defendants' Witness**

Defendants will call one witness, to which plaintiff has lodged no objections:

1. Defendant Lucy Chen will be called to testify for approximately 2 hours on direct, cross, and re-direct regarding the matters set forth in defendants' Lay Witness Statement, ECF 85, including Mizumi Buffet's health and hygiene policies, Mr. Mahler's past visits to the restaurant, and the events at issue.

## C.     Exhibits

Plaintiff intends to introduce one exhibit, *see* ECF 75-76, to which defendants do not object. Defendants intend to introduce eleven exhibits, *see* ECF 84, to which plaintiffs do not object.  These twelve exhibits are pre-admitted.

| Ex. 001 | Photograph of service dog |
|---|---|
| Ex. 501 | (2) Photographs of the general buffet area |
| Ex. 502 | (2) Photographs of posted "Food Sanitation Rule" |
| Ex. 503 | (2) Photographs of posted buffet shielding diagram |
| Ex. 504 | Photograph of posted employee health sign |
| Ex. 505 | (3) Photographs of Lucy Chen at buffet area |
| Ex. 506 | Photograph of length of dining area from front register to dining area |
| Ex. 507 | Photograph of table area where plaintiff sat |
| Ex. 508 | Photograph of posted service animal notice |
| Ex. 509 | Oregon Health Authority Rule 6-501.115 entitled "Prohibiting Animals" |
| Ex. 510 | Oregon Health Authority "Oregon Food Sanitation Rules" |
| Ex. 511 | Complaint for Damages in Clackamas County Circuit Court Case No. 29-cv-44282 |

The Court advises the parties that all pre-admitted exhibits must be mentioned by a witness in order for this Court to receive the exhibit in evidence at trial to be provided to the jury in deliberations.

## JURY MATERIALS

## A.     Voir Dire

Both parties have requested to conduct voir dire and proposed areas of inquiry.  *See* Defs. Prop. Voir Dire, ECF 87; Pl. Req. Voir Dire, ECF 92.  The Court will conduct initial voir dire with the jury pool generally in the areas proposed by the parties.  Further, parties will each be given ten minutes to ask additional questions of potential jurors from their respective list of proposed voir dire questions.

**B.**      **Jury Instructions & Verdict Form**

The Court reviewed the parties' joint proposed verdict form, ECF 73, joint amended proposed jury instructions, ECF 82, and joint report, ECF 94.  The Court intends to give the instructions proposed by the parties, with the following exceptions:

1.  Based on the parties' joint report indicating that Mizumi Buffet is the assumed business name of Steady Stream Inc., rather than a separate entity that could be held independently liable, the Court will instruct the jury as to two defendants: Steady Stream, Inc. (doing business as Mizumi Buffet) and Lucy Chen.

2.  Based on the parties' joint report indicating that Lucy Chen "is admitted to be acting within the course and scope of her employment with the corporate defendant," the Court will give agency instructions based on the Ninth Circuit's Model Civil Jury Instructions Nos. 4.4 and 4.9.

3.  The Ninth Circuit's Model Civil Jury Instruction No. 12.9 (ADA—Reasonable Accommodation) was designed for suits under Title I of the ADA and are not well suited to claims, like the one here, under Title III.  *See* Ninth Circuit Manual of Model Civil Jury Instructions, § 12 introductory cmt., at 364 (2025).  Therefore, the Court will modify the parties' proposed instruction outlining the relevant elements of a claim under Title III.

4.  The parties' authority for instructions relating to the clear and convincing standard of proof is *Murray v. Laugsand*, 179 Or. App. 291, 39 P.3d 241 (2002).  However, the standard articulated in *Murray* expressly applies to claims for specific performance and reformation of a contract. *Id.* at 294 ("Plaintiffs were required to prove **their claims for specific performance and reformation** by clear and convincing evidence." (emphasis added)).  The parties do not cite, and the Court cannot identify, any authority for departing from the usual preponderance of the evidence standard in this case.  *See generally* Oregon Revised Statutes § 10.095(5).  Therefore, the Court will not instruct the jury to apply a clear and convincing standard of proof.

5. Ninth Circuit Model Civil Jury Instruction No. 3.6 (Additional Instructions of Law) is designed to be used when giving additional instruction to the jury while it is deliberating. *See* Ninth Circuit Manual of Model Civil Jury Instructions, § 3.6 cmt., at 54 (2025). Unless it becomes necessary, this instruction will not be given.

6. In light of Mr. Lafky's recent withdrawal as counsel, *see* ECF 96, the Court will add Ninth Circuit Model Civil Jury Instruction No. 1.22 (Self-Represented Party).

The Court will revise the proposed verdict form for clarity and consistency with the holdings above. The Court will provide final versions of the jury instructions and verdict form as soon as practicable.

## ACCOMMODATIONS

At the April 29, 2026 pretrial conference, the Court asked plaintiff what, if any, disability accommodations may be needed during trial. In the parties' joint report, ECF 94, plaintiff indicates only that he "requires a service dog." Defendants do not object to this accommodation and the Court, therefore, grants plaintiff's request. Federal regulations permit individuals with disabilities to bring a service animal that is trained to perform tasks for that individual into federal buildings under certain circumstances. *See* 6 C.F.R. § 139.80(b). Plaintiff may wish to review the District's webpage on resources for courthouse visitors with disabilities. *See* www.ord.uscourts.gov/index.php/visitors/visitors-with-disabilities-or-special-needs. While not testifying, plaintiff may take his service dog out of the courtroom to care for it as needed. The Court expects plaintiff to maintain control of the service dog at all times; if the service dog becomes disruptive, it may be removed from the courtroom.

IT IS SO ORDERED.

DATED this 13th day of May, 2026.

_____
Adrienne Nelson
United States District Judge

5