Robert Mahler, Pro Se
P.O. Box 7658
Salem, Oregon 97303
(503) 931-1202

FILED 15 MAY '26 15:42 USDC-ORP

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

Robert Mahler,                     )      Case No.: 3:23-cv-1833-AR
                                   )
        Plaintiff,                 )      Ex Parte Pro Se Motion to
                                        Recuse / Disqualify Judge Nelson,
        v.                         )       and Freeze Litigation,
                                   )
Lucy Chen; et al.                  )       Hearings and Orders,
                                   )       Appearance of Bias
        Defendants                 )
                                   )       Declaration

   Plaintiff, Robert Mahler, for his Pro Se Motion to Recuse / Disqualify
Judge Nelson and Freeze Litigation.

   COMES NOW, and moves this court for an Order recusing Judge Nelson
from further participation and presiding in this matter pursuant to 28
U.S.C. § 455(a) and § 455(b)(1).  This motion is based on hostile
comments, conduct and language in potential written orders, verbal
orders, bias, prejudice and discrimination that would cause a reasonable
person to question the Court's impartiality.  By signing this motion, I
certify that I am not filing this motion in order to delay the
proceedings or for any purpose other than to request Judge Nelson's
recusal, and that the statements in the accompanying STATEMENT OF FACTS
are true to the best of my knowledge.

## 1.

### LEGAL STANDARD

1.  Under 28 U.S.C. § 455(a)(1), a federal judge must disqualify herself
in any proceeding in which her impartiality might reasonably be
questioned.

2.  Under 28 U.S.C. § 455(b)(1), recusal is required where a judge has
demonstrated personal bias, discrimination, or prejudice concerning a
party.

3. The standard is objective: whether a reasonable person,
knowing all the relevant facts, would question a judge's
impartiality.

## 2.

4. The following facts support recusal:

    a. Hostile Conduct and Comments during Hearings.

    b. During hearings and conferences held on, or about, 5/2/26 and 5/14/26, Judge Nelson made hostile, dismissive, prejudicial, and discriminatory comments toward this Pro Se litigant, including statements such as: prefacing her questions with, "DO YOU HAVE ANY IDEA...", "ARE YOU AWARE...", and "DO YOU KNOW...".

    c. Judge Nelson, during hearings on, or about, 5/2/26 and 5/14/26, ruled and, or ordered that the undersigned Pro Se litigant deliver"certifications" to her court showing that my service dog, Gretchen, is indeed a service dog.

    d. Judge Nelson, during the same time period, ordered Plaintiff to represent himself at trial on May 19, 2026 in her courtroom. Plaintiff's attorney was given permission by Judge Nelson to withdraw as my counsel at the May 13, 2026 hearing.

    e. Plaintiff asked / moved this Court for time, during the 5/13/26 hearing, to obtain an attorney. Judge Nelson denied Plaintiff's request / motion. Plaintiff has filed a formal Motion with the Court for time to obtain an attorney to represent me at trial.

    f. Cited during the 5/13/26 hearing was the effect of Defendant(s) enduring a lengthy time since the date they were served an original summons which charged them with civil rights, and ADA law violations.

    g. At no time during the 5/13/26 hearing did Judge Nelson voice any regard for the far LONGER period of TIME Plaintiff has suffered and waited for resolution of this matter. This is truly bias and demonstrates the court's prejudice, and discrimination.

    h. Recusal is warranted where a judge's actions or statements give rise to an appearance of bias or where the judge has exhibited prejudice toward a party or the case itself. This includes, but is not limited to, instances where the judge makes rulings that display hostility or partiality toward a party, or when the judge demonstrates a pattern of behavior that could

i. Plaintiff has disabilities from advanced osteo-arthritis, left-sided hemiplegia as the result of a C-3 cervical fracture, vasovagal syncope, left and right knee implant prosthetics, and am a candidate for shoulder replacement surgery. As a result of my disabilities, I have used a service dog for 35+ years.

### 3.

### OTHER EVIDENCE OF BIAS, PREJUDICE, DISCRIMINATION

5. a. At this court's pre-trial conference for this matter, on or about 5/2/26, my former attorney, Kevin Lafky, asked Judge Nelson how "she felt" about having my service dog, Gretchen, in the court for trial.

   b. This question to Judge Nelson need never be asked because a service dog may enter ANY public building, with its handler / companion, at will. Per ADA law, there are exactly two (2) questions allowed to be asked of a service dog owner. Unfortunately, neither question involves how a person "feels" about allowing a service dog into a public building. The question asked led to Kevin Lafky's dismissal as Plaintiff's attorney. Lafky's "feel" question is inappropriate, biased, shows prejudice, discrimination, and assisted in violations of my, civil rights by this court. The court did NOT admonish Kevin Lafky for violating ADA law.

   c. On, or about, 5/2/26, Judge Nelson, vis-a-vis Kevin Lafky, ordered Plaintiff to provide 'certifications' to her court that would demonstrate that Gretchen, my service dog, is a service dog. There is no language under ADA law that permits that question for admittance to any public building.

   d. On, or about, 5/2/26 and 5/13/26, Judge Nelson's actions and behavior, were consistent, biased, discriminatory, and prejudicial when she ordered

Plaintiff to provide 'certifications' to her court and that also violated ADA law and Plaintiff's civil rights.

e. On, or about 5/2/26 through 5/13/26, this Court, was required to provide the proper treatment, civil rights, and freedom from discrimination, bias, and prejudice as provided by ADA law.

As a result of being asked to defend myself, and my service dog, prior to trial, and ordered to provide documents for admittance to the Court, where none are required, I was harmed and my civil rights were violated by this Court.

f. Finally, this court is sufficiently biased, to call for recusal, due to Judge Nelson's ordering Plaintiff, now Pro Se, to represent himself at trial scheduled, which gives only six (6) days to prepare.  This is also extremely prejudicial, discriminatory, and downright unfair because Keven Lafky did not, although he said he would, prepare Plaintiff for trial.  .

g. Plaintiff asserts that Judge Nelson has demonstrated actual bias during hearings, has issued orders that are prejudiced, bias, discriminatory and has otherwise shown conduct in these current matters that undermines the integrity of the pleadings.

h. Plaintiff also contends that Judge Nelson's orders in this case show a continuing pattern of unfavorable rulings that are influenced by her personal bias.

i. Notably, I am protected by the ADA as I am a person with a "disability" as that term is defined by the statute; 42 U.S.C. § 12102(2)(a). I have  "physical or mental impairment(s) that substantially limit one or more of my major life activities".  I own and use a service dog defined in 5 U.S.C. 301; 28 U.S.C. 509, 510, 42 U.S.C. 12186(b) and we are protected by the ADA.

4.

6. On or about the incidents listed above, as I am not an attorney, and was not advised that I would be asked to speak, opposing counsel was permitted to speak at length and without interruption, while the undersigned was curtailed or admonished, creating the appearance of unequal treatment.

7. In one or more orders, during the time of the aforesaid proceedings, the Court used language characterizing the filings or arguments in a disparaging or dismissive manner.  The tone and wording of these orders reflect more than legal disagreement and suggest that the Court formed a negative view of the undersigned's credibility and position.

8. Taken together, the Court's comments during hearings and the language used in orders demonstrates a pattern of hostility that would lead a reasonable observer to conclude that the Court has pre-judged issues and harbors bias against the undersigned as a pro se litigant. Plaintiff notes that Judge Nelson has issued the two current adverse rulings in these proceedings which favor the Defendants without a clear legal justification. The rulings have created an impression that Plaintiff is not being afforded a fair and impartial consideration of the case, suggesting a bias in favor of the opposing side.

## 5.

### APPERANCE OF IMPROPRIETY

9. Even absent actual bias, § 455(a) requires recusal where there is an appearance of partiality.  Public confidence in the judiciary depends upon both actual fairness  and the appearance of fairness.

10. The Court's conduct and statements undermine the appearance in this case. The facts presented herein demonstrate that Judge Nelson's court is biased and continued involvement in the case would create a reasonable appearance of bias and would violate Plaintiff's right to a fair trial.

12. I need an attorney in this case because my previous

withdrew, I am not now represented by counsel. I am not an attorney, not qualified to represent myself in court, and am not familiar with the procedures, rules, and court practices. I believe that I have a valid case.

## 6.

### TIMELINESS

13. Plaintiff filed this case, IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF OREGON, on, or about 11/23. This motion is filed promptly upon realizing the time to file a recusal is significant and should have a large impact in surviving the bias, prejudice, and discrimination of the court. It is the undersigned's recognition that the Court's conduct and orders demonstrate an appearance of bias requiring recusal.

## 7.

### RELIEF REQUESTED

14. WHEREFORE, Robert E. Mahler, pro se, requests and moves that:

• A different judge hear, and review, this Motion and issue an order recusing Judge Nelson from this matter.

• FREEZE this case, reassign to a different judge at the Portland Court location, and PLEASE allow me time to obtain an attorney.

• Award such other and further relief as the Court deems just and proper.

Robert Mahler, Pro Se
P.O. Box 7658
Salem, Oregon 97303
(503) 931-1202

DATED/ May 14, 2026

### DECLARATION

1. I am the plaintiff pro se in this action. I have personal knowledge of

the facts stated in this recusal motion.

2. On December 17, 2025, I filed this case in the Federal courthouse in Portland, Oregon.

3. I have received a dismissal response from the Eugene court since my case has been reassigned.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

_Robert Mahler_

Robert Mahler

May 14, 2026